IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| IRVINE P. WHITE | § | |
| VS. | § | CIVIL ACTION NO. 9:13cv299 |
| WILLIAM STEPHENS | § | |

## MEMORANDUM OPINION AND ORDER REGARDING VENUE

Irvine P. White, an inmate confined at the Eastham Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus. Petitioner is challenging a detainer lodged with his custodian by Oklahoma authorities as a result of an indictment returned against him in Cotton County, Oklahoma. To entertain a habeas petition, the court must have jurisdiction over the petitioner or the custodian. *United States v. Gabor*, 905 F.2d 76 (5th Cir. 1990). When a prisoner is confined in one state and challenges a detainer which has been lodged against him by another state, the prisoner is deemed to be "in custody" in the charging state by virtue of the detainer. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973)). "Under *Braden*, then, a habeas petitioner who challenges a form of 'custody' other than present physical confinement may name as the respondent the entity or person who exercises legal control with respect to the challenged 'custody.'" *Rumsfeld v. Padilla*, 410 U.S. at 438.

In this case, petitioner is confined within the territorial jurisdiction of this court, but is challenging a detainer which has

been lodged against him by Oklahoma authorities. As a result, both this court and the United States District Court for the Western District of Oklahoma, where Cotton County is located, have concurrent jurisdiction.

The Supreme Court in *Braden* addressed a similar situation and concluded that while the federal court in the district of confinement may exercise concurrent jurisdiction, the district of confinement will not ordinarily prove as convenient as the district court in the state which has lodged the detainer. *Braden*, 410 U.S. at 499, n.15.

As all witnesses and evidence relating to petitioner's challenge to his detainer are located in the Western District of Oklahoma, the court is of the opinion this matter should be transferred to the federal court located in such district.

ORDER

For the reasons set forth above, it is

**ORDERED** that this matter is **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.

**SIGNED** this   29   day of        October        , 2014.

                                                            *[signature]*
                                    KEITH F. GIBLIN
                                    UNITED STATES MAGISTRATE JUDGE