IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| IRVINE P. WHITE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
|  | ) | CIV-14-1288-D |
|  | ) |  |
| WILLIAM STEPHENS, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## REPORT AND RECOMMENDATION

The Petitioner, appearing pro se and *in forma pauperis*, brings this case seeking a writ of habeas corpus under 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for preliminary review, for conducting any necessary hearings, including evidentiary hearings, for the entry of appropriate orders as to non-dispositive matters, and for the preparation and submission of proposed findings and recommendations as to dispositive matters referenced in 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons that follow, it is recommended that this action be **DISMISSED** as moot.

**I. Background**

This case was initially filed in the United States District Court for the Eastern District of Texas. ECF No. 1. On November 18, 2014, it was transferred to this district. ECF Nos. 5-6. By this action, Petitioner seeks dismissal of charges against him pending in the District Court for Cotton County, Oklahoma, Case No. CF-2010-34. As grounds, he states that his right to a speedy trial on those charges has been violated. ECF No.

1:11. He seeks dismissal of the Cotton County case, and expungement of a detainer lodged with the State of Texas, where he is currently being detained. ECF No. 1:11, 1:14.

## II. Discussion

Although the Petition was filed under 28 U.S.C. § 2254, it is properly construed as a request for relief under 28 U.S.C. § 2241 because Petitioner is not being held pursuant to a state court judgment of conviction as required to proceed under § 2254. *See Miller v. Glanz,* 331 F. App'x 608, 609–10 (10th Cir. 2009); 28 U.S.C. § 2254(a).

In his petition, he refers to the docket number for the case pending against him in Cotton County. ECF No. 1:13. A check of the publicly available docket shows that all charges in that case were dismissed without costs on May 2, 2014. On Demand Court Records, OSCN, http://www1.odcr.com/detail?court=017-&casekey=017-CF++1000034 (accessed Nov. 20, 2014) (motion for request of dismissal of case and detainer granted). Thus, it appears that Petitioner has received all of the relief he has asked for in this action, rendering it moot.

Mootness may be addressed *sua sponte* "because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996). Because mootness is a matter of jurisdiction, a court may raise the issue *sua sponte*. *Johnson v. Riveland,* 855 F.2d 1477, 1480 (10th Cir. 1988). "This requirement exists at all stages of federal judicial proceedings, and it is therefore not enough that the dispute was alive when the suit

was filed; the parties must continue to have a personal stake in the outcome." *Id.*

As all the relief Petitioner seeks has now been granted by the District Court for Cotton County, Oklahoma there is no longer a live controversy that can be resolved by the Court.

**III. Recommendation**

In light of the foregoing, it is recommended that this case be **DISMISSED WITHOUT PREJUDICE** as moot for lack of jurisdiction. Petitioner is advised of his right to file specific written objections to this Report and Recommendation. 28 U.S.C. § 636; Fed. R. Civ. P. 72. Any such objections must be filed with Clerk of the District Court by **December 11, 2014**. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

This Report and Recommendation **DISPOSES OF ALL ISSUES** referred to the undersigned Magistrate Judge in this matter.

**ENTERED** on November 24, 2014.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE